[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff rental car agency against the defendant for damage to a car rented by the defendant. The defendant pleads four special defenses and a counterclaim. In the counterclaim the defendant alleges emotional distress resulting from having been rented a malfunctioning car and seeks damages for the infliction of pain and emotional distress and compensatory damages.
On July 3, 1986 the plaintiff, Enfield Auto Rental, Inc. d/b/a Ugly Duckling Rent-A-Car (Ugly Duckling), rented to the defendant Francis Sweeney III (Sweeney) a 1982 Ford Granada. The parties signed a rental agreement on that date.
The rental agreement contained a provision for insurance it referred to the rental cars as having some safety equipment CT Page 3809 missing; it carried a disclaimer of responsibility for any fault or blame resulting from any mechanical failure in the event of an accident or breakdown resulting in loss of time. The car provided to the defendant by Ugly Duckling had an odometer reading of 84,416 miles.
The defendant elected not to purchase insurance because he understood from the explanation given him by Ugly Duckling's employee that the only insurance available was a $250 waiver at a cost of $3.00. While completing arrangements for the car the defendant was told by an Ugly Duckling employee that he, the employee, would not drive the car too far. The defendant felt he knew enough about the operation of cars not to be concerned about that comment.
The defendant and a friend Russell Fuller took off the evening of that same day, July 3rd, and headed for Buffalo, New York. After they had gone 300 miles, they began to have trouble with the car. The car would deaccelerate and die out. The defendant would have to wait a few minutes and restart the car.
At one point on the trip to Buffalo, the defendant had a flat tire and found the car had no spare tire. This occasioned further delay because it involved taking the flat tire to be repaired so that it could be put back on the car. The defendant managed to get to his destination but on the return trip, on July 6th, the car again began deaccelerating and dieing out. Thinking that the fuel filter was causing the problem, the defendant and Fuller tried diverting gas to the carburetor. By doing this they were able to drive 30 to 45 minutes before the car died out. The accelerator had to be floored in order to go 40 to 45 miles an hour. Then the car would gradually slow down and stop.
On the return trip defendant's car being driven by Russell Fuller was struck in the rear by a motorist who fell asleep at the wheel. Both cars were moving at the time of the accident. The police were called to the scene. Following the police inquiry the defendant resumed his travel home.
The automobile was returned to the plaintiff on July 6, 1986 with damage to the left rear quarter panel and back end. Plaintiff determined the cost to repair was $2,002.77. The defendant acknowledged that an independent estimate procured by him was higher than plaintiff's figure.
The plaintiff looks to the terms of the written agreement as the basis for its claim. The defendant, however, contends that the car was defective when rented to him by the plaintiff that he was misinformed about the insurance waiver and that the car had no spare tire. CT Page 3810
The defendant seeks money damages for the emotional upset occasioned by having to deal with a car in that condition in the course of highway travel over an extended period of time. The defendant further claims that he was misinformed about the insurance coverage; that he was led to believe all he could buy was $250 worth of coverage. The motorist who hit him was uninsured. An examination of the rental agreement discloses that the only amounts written in on the insurance section are $3.00 and $250. General Statutes Sec. 14-15b paragraph (a) states:
 "Collision damage waiver" means any contractual provision whereby a lessor of rental motor vehicles agrees for a charge to waive any claims against a lessee for any damages to a rental motor vehicle during the term of the rental agreement.
Plaintiff's contract claims to waive only $250 for a charge.
The disclaimer on the reverse side refers to the absence of some safety equipment like seat belts. No mention is made of the fact that the car did not have a spare tire. The absence of a spare tire in the instant case subjected the defendant to unnecessary delay and inconvenience.
The defendant claims the accident was due to the slow rate of speed at which the defendant's car was traveling. It is undisputed that the motorist who ran into the defendant's car had fallen asleep at the wheel. Clearly, however, the defendant's car was disfunctioning.
The question to be answered is whether the slowed rate of speed of the defendant's car was a substantial factor in causing the accident. Even if the defendant's car had been traveling 40 to 45 miles per hour, though the defendant puts it at between 20 to 25 miles per hour, a motorist behind him traveling the minimum of 55 miles per hour would have gained on the defendant and eventually overtaken and collided with him.
On the facts found this court concludes that the rental car malfunctioned and that this was as much a substantial cause of the accident as the dozing motorist running into the rental car.
In his counterclaim the defendant alleges negligent infliction of pain and emotional distress; claims a violation of Section 42-152 "Standard of Plain Language"; and recovery of the $34.80 charge he paid to rent the car. No evidence was presented on the claimed negligent infliction of pain and emotional distress. CT Page 3811
As for the claim that the language of the rental agreement, particularly as to the damage waiver provision, was ambiguous and unclear, we do not agree. The printed language accurately states the statutory provision dealing with damage waivers, Section 14-15b. It is, however, a provision which needs to be explained.
Finally the defendant in his counterclaim seeks to recover the $34.80 he spent to rent the car. Under the terms of the agreement the lessee pays $31.90 plus four cents per mile actually driven. In the instant case the defendant traveled to and from Buffalo, New York. The odometer did not, however, accurately reflect the mileage put on by the defendant. The rental agreement shows speedometer "in" as 84,422 on July 6, 1986, and speedometer "out" as 84,416 on July 3, 1986. The charge noted in the rental agreement was two days at $15.95 per day or $31.90 and four miles at sixteen cents a mile or sixty-four cents for a total of $34.98. The round trip to and from Buffalo, New York is in excess of 800 miles. Under the circumstances the defendant cannot be heard to complain about this charge.
Judgment may enter for the defendant Francis Sweeney III on the complaint. Judgment may enter for the plaintiff Enfield Auto Rental, Inc. d/b/a Ugly Duckling Rent-A-Car on the counterclaim.
Hennessey, J.